889 A.2d 1129

NEW YORK SMSA LIMITED PARTNERSHIP D/B/A VERIZON WIRELESS, PLAINTIFF–RESPONDENT, v. TOWNSHIP COUNCIL OF THE TOWNSHIP OF EDISON, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 14, 2005—Decided February 2, 2006.

542

Before Judges FALL, PARKER and GRALL.

*Louis N. Rainone* argued the cause for appellant (*DeColiis, Fitzpatrick, Cole & Wisler,* attorneys; *Mr. Rainone and Edward J. Boccher,* of counsel and on the brief).

*Lynne A. Dunn* argued the cause for respondent (*Hiering, Dupignac, Stanzione & Dunn,* attorneys; *Ms. Dunn,* on the brief).

*Hill Wallack,* attorneys for amicus curiae New Jersey Builders Association (*Stephen Eisdorfer,* on the brief).

The opinion of the court was delivered by

GRALL, J.A.D.

The Township Council of the Township of Edison (Edison) appeals from a final order invalidating amendments to its zoning ordinance that require certain applicants for development to give notice of the hearing on their applications that exceeds the notice specified in *N.J.S.A.* 40:55D–12. Because we conclude that the authority to enhance the scope and method of notice specified in *N.J.S.A.* 40:55D–12 is not expressly delegated, fairly implied or reasonably incident to the powers the Legislature conferred through the Municipal Land Use Law (MLUL), *N.J.S.A.* 40:55D–1 to –163, we affirm.

Edison adopted Ordinance No. 0.1407–4004, amending *Edison, N.J., Code* § 18.28.060(A), (C), on April 14, 2004. Where the MLUL requires an applicant to publish specified information, the ordinance also requires the applicant to post a sign that includes additional information; where the MLUL requires notice to property owners within 200 feet, the ordinance requires notice to owners within 300 feet. *Compare id. with N.J.S.A.* 40:44D–11, – 12. On May 12, 2004, plaintiff New York SMSA Limited Partnership, doing business as Verizon Wireless (Verizon), initiated this action in lieu of prerogative writs seeking an order declaring the amendments void, enjoining enforcement and awarding costs. Edison filed its answer on June 14, 2004. After briefing and argument, the trial judge issued a written decision and order

declaring the heightened notice requirement "invalid and unenforceable." Edison filed a timely appeal. Verizon did not file a cross appeal. The New Jersey Builders Association moved for leave to file a brief as amicus curiae, which we granted.

The relevant facts are the terms of Edison's ordinance and the MLUL. The notice provisions challenged on this appeal apply to those who seek variances pursuant to *N.J.S.A.* 40:55D–70(d), approvals of major subdivisions and approvals of major site plans. *Edison, N.J., Code* § 18.28.060(A), (C) (as amended). The MLUL requires notice of hearings on applications for variances (including variances pursuant to *N.J.S.A.* 40:55D–70d) and major subdivision approvals, and it authorizes municipalities to adopt ordinances that require notice of hearings on conventional site plan review. *N.J.S.A.* 40:55D–12a.[1] Thus, the provisions that Verizon challenges cover both hearings for which notice is mandated by the MLUL and hearings for which a municipality may require notice pursuant to authority delegated by the MLUL.

Two forms of notice specified in *N.J.S.A.* 40:55D–12 are at issue. Subsection a. addresses "public notice," which "shall be given by publication in the official newspaper of the municipality, if there be one, or in a newspaper of general circulation in the municipality." Subsection b. addresses what we term "individual notice," which is notice that "shall be given to owners of all real property ... within 200 feet" of the applicant's property. *N.J.S.A.* 40:55D–12b.[2] Both public and individual notice must include the information specified in *N.J.S.A.* 40:55D–11.

---

[1] Specifically, *N.J.S.A.* 40:55D–12a requires notice of specified hearings, including those on "applications for development," other than applications for "conventional site plan review" and "minor subdivisions." *N.J.S.A.* 40:55D–3 defines "application for development" to include "approval of a subdivision plat, site plan, planned development, conditional use, [and] zoning variance." Although *N.J.S.A.* 40:55D–12a excepts hearings on "conventional site plan review" and "minor subdivisions" from mandatory notice, it authorizes municipalities to impose that requirement by ordinance.

[2] *N.J.S.A.* 40:55D–12b further provides: "Notice *shall be given* by: (1) serving a copy thereof on the property owner as shown on the said current tax duplicate

Edison's ordinance enhances the public notice requirements of subsection a. of *N.J.S.A.* 40:55D–12. An applicant subject to the enhanced notice provisions of Edison's ordinance must give additional public notice by posting a sign on the subject property. The "freestanding" sign must "be not less than thirty-two (32) square feet in area nor greater than sixty-four (64) square feet in area, shall face a public street abutting the premises, and shall be located not more that thirty (30) feet from such street." *Edison, N.J., Code* § 18.28.060(C) (as amended). The sign must contain information that is not required by *N.J.S.A.* 40:55D–11.[3] The information must be conveyed in "lettering ... of such a type face and size as to be clearly visible to motorists and pedestrians in or on the abutting street." *Edison, N.J., Code* § 18.28.060(C) (as amended).

An applicant subject to the enhanced notice provisions of Edison's ordinance also must give individual notice beyond that required by *N.J.S.A.* 40:55D–12b. Edison's ordinance increases the scope of notice to neighboring property owners by 100 feet in all directions; it requires notice to owners of property within 300 feet of the property that is the subject of the hearing. *Edison, N.J., Code* § 18.28.060(A)(3) (as amended).

---

..., or (2) mailing a copy thereof by certified mail to the property owner at his address as shown on the said current tax duplicate." (Emphasis added). *N.J.S.A.* 40:55D–12b also includes specific rules for individual service when property within 200 feet of the subject property is located in an adjacent municipality or owned by a member of a condominium association or horizontal property regime, a homeowners' or condominium association, partnership, or corporation. *N.J.S.A.* 40:55D–12b, c. *N.J.S.A.* 40:55D–12h addresses "individual notice" to public utilities that register to receive such notice.

[3] The following information not required by *N.J.S.A.* 40:55D–11 must be included on the sign: the name and phone number of the Board "where a person may seek information as to the date and time of the public hearing ... and a statement that this number may be called to obtain such information"; "a brief description of the nature of the approval sought including the number of proposed dwelling units, the type of units ... and in the case of non-residential uses, the nature of the proposed construction ... and the proposed square footage of the construction." *Edison, N.J., Code* § 18.28.060(C).

The legal principles that govern a municipality's authority under the MLUL are well-settled. The scope of a municipality's authority is essentially a question of statutory construction. *Pizzo Mantin Group v. Twp. of Randolph*, 137 *N.J.* 216, 222, 224, 645 *A.2d* 89 (1994). Municipal authority to regulate the use of land through zoning and evaluation of applications for variances and approval of site plans and subdivisions is limited to power delegated by the Legislature in the MLUL. *See id.* at 223–24, 645 *A.2d* 89. The delegated power includes "not only those [powers] granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto, and not inconsistent with or prohibited by [the State] Constitution or by law." *N.J. Const.* art. IV, § 7, ¶ 11; *D.L. Real Estate Holdings, L.L.C. v. Point Pleasant Beach Planning Bd.*, 176 *N.J.* 126, 132, 820 *A.2d* 1220 (2003); *Cerebral Palsy Ctr. v. Mayor and Council of Borough of Fair Lawn*, 374 *N.J.Super.* 437, 446–47, 864 *A.2d* 1184 (App.Div.), *certif. denied*, 183 *N.J.* 586, 874 *A.2d* 1105 (2005).

The goal of statutory construction is to determine the intent of the Legislature, and the task begins with the language of the relevant statutes. *See Pizzo Mantin Group, supra*, 137 *N.J.* at 224, 645 *A.2d* 89; *MCG Assocs. v. Dep't of Envtl. Prot.*, 278 *N.J.Super.* 108, 119–20, 650 *A.2d* 797 (App.Div.1994). To the extent necessary to resolve any ambiguity, courts "consider the purpose of a statute by examining the Act in its entirety; ... legislative history; and the common sense of the situation." *Ibid.* (citations omitted).

Edison argues that its more burdensome notice requirements are permissible because *N.J.S.A.* 40:55D–12 defines minimum notice without precluding a municipality from requiring additional notice, but the plain language of *N.J.S.A.* 40:55D–12 indicates a mandatory, uniform scope and method of notification with no room for deviation from municipality to municipality. *N.J.S.A.* 40:55D–12 describes the scope and method of both public and individual notice in mandatory terms—*i.e.*, the notice that

"shall be given." The use of the term "shall" has special significance in the context of the MLUL. *N.J.S.A.* 40:55D–3 provides: "The term 'shall' indicates a mandatory requirement, and the term 'may' indicates a permissive action." Read together, *N.J.S.A.* 40:55D–3 and *N.J.S.A.* 40:55D–12 indicate that: whenever "public notice" of a hearing on development is required it "shall be given" by publication in a newspaper; and "[n]otice of [any] hearing requiring public notice" also "shall be given to owners of all real property . . . within 200 feet" of the applicant's property.

Even the portion of *N.J.S.A.* 40:55D–12 that grants municipalities discretion to require notice of additional hearings is carefully drafted to avoid ambiguity about the type of notice a municipality may require. It provides: "the governing body may by ordinance require *public notice* for such categories of site plan review as may be specified by ordinance . . . ." *N.J.S.A.* 40:55D–12a (emphasis added). Thus, the grant of discretion is limited to requiring "public notice"; the statute specifies how "public notice shall be given." The mandatory notice to property owners within 200 feet is also stated so as to avoid ambiguity about its application when notice of the hearing is discretionary: "Notice of a hearing requiring public notice pursuant to subsection a. shall be given" to owners within 200 feet. When a municipality exercises discretion to require public notice for site plan review, it does so by virtue of the authority granted to it "pursuant to subsection a." Thus, the 200–foot rule applies. *See also N.J.S.A.* 40:55D–46.1 (using the phrase "[a]n ordinance requiring notice, pursuant to [40:55D–12]," to refer to notice of hearings required at the discretion of a municipality).

There is no ambiguity and no implication of a grant of authority to alter these precisely drafted notice requirements in the plain language of *N.J.S.A.* 40:55D–12. *See Levin v. Parsippany–Troy Hills Twp.,* 82 *N.J.* 174, 181–82, 411 *A.*2d 704 (1980) (noting that where the plain meaning indicates that a provision of the MLUL applies, it will be applied absent a specific indication to the contrary). The Legislature could not have stated the mandatory

nature of the provisions that describe the scope and method of notice more clearly than it did. Where the Legislature intended to grant municipalities discretion to require notice of additional hearings, it expressly authorized municipalities to do so by ordinance. *N.J.S.A.* 40:55D–12a. The use of mandatory language in the same section of the MLUL to describe the scope and method of notice indicates that the Legislature intended uniformity on those issues. *N.J.S.A.* 40:55D–12a, b.

The detail and specificity of the provisions describing the scope and method of notice and the complexity of the factual problems posed by notice also suggest that the Legislature intended uniformity. *See Manalapan Holding Co., Inc. v. Planning Bd. of Hamilton Twp.*, 92 *N.J.* 466, 482, 457 *A.*2d 441 (1983) (noting that the "strict timetables" and "careful methodology" included in the MLUL's automatic approval statute did not favor a construction that permitted relaxation or waiver of the terms). Given the Legislature's efforts to provide detailed guidance concerning service of notice in the context of condominiums, homeowners' associations, partnerships, public utilities and neighboring municipalities, it is unreasonable to assume that the Legislature intended to allow individual municipalities to fashion rules that would inject new confusion. *N.J.S.A.* 40:55D–12.

When the common sense of the situation is considered, the Legislature's reasons for preferring uniformity in rules governing the scope and method of notice are apparent. The 200–foot rule strikes a balance between the interest of property owners in the vicinity of land to be developed and the interests of the developers. The Legislature could have chosen a rule more sensitive to local interests that may vary with topography, population density, or the nature of the development, but it opted for a bright line rule that is easily understood and applied. A rule of that sort facilitates compliance and enforcement, and the Legislature has opted to apply the 200–foot rule for notice throughout the MLUL. *See N.J.S.A.* 40:55D–12e (notice to the county planning board); *N.J.S.A.* 40:55D–13(3) (amendments to master plan involving prop-

erty within 200 feet of an adjoining municipality); *N.J.S.A.* 40:55D–15 (notice of development regulations involving property within 200 feet of an adjoining municipality); *N.J.S.A.* 40:55D–62.1 (notice of hearings on proposed changes in zoning districts).

Moreover, as the Legislature recognized in providing special rules for notice to owners whose property is within 200 feet of an applicant's property but located in a different municipality, notice to nearby property owners sometimes impacts on and requires the cooperation of neighboring municipalities. Notice is not always a subject of importance to a single municipality, and the Legislature apparently recognized its superior position to fashion such rules.

No other specific provision of the MLUL, not even the general purposes, delegate or imply the authority to alter the scope and method of notice detailed in *N.J.S.A.* 40:55D–12. *N.J.S.A.* 40:55D–2; *see Rumson Estates, Inc. v. Mayor & Council of Borough of Fair Haven,* 177 *N.J.* 338, 350, 828 *A.*2d 317 (2003) (noting that every zoning ordinance must advance one of the MLUL's general purposes). *N.J.S.A.* 40:55D–8a authorizes municipal agencies to adopt rules and regulations for the administration of their functions, powers and duties, that are "reasonable" and "not inconsistent with" the MLUL. *N.J.S.A.* 40:55D–8b permits a municipality to establish by ordinance reasonable "fees" "for review of an application for development." *N.J.S.A.* 40:55D–9 and *N.J.S.A.* 40:55D–10 delegate the authority to fix the time and place for regular meetings and make rules for hearings. On procedural issues, the statutes that govern the mandatory and permissive contents of ordinances relevant to approval of site plans and subdivisions, *N.J.S.A.* 40:55D–38 to –48, permit adoption of provisions "for submission and processing of applications for development" that are "not inconsistent with other provisions of [the MLUL]." *N.J.S.A.* 40:55D–38.

Edison's enhanced notice rules are inconsistent with the scope and method for public and individual notice mandated in *N.J.S.A.* 40:55D–12a, b. Edison argues that a requirement for "additional" notice cannot be inconsistent with the MLUL. That argument

overlooks a critical point: notice benefits those who receive it and burdens those who must give it. For that reason, any change in the 200–foot rule is inconsistent with the MLUL. Either an expansion or a reduction of the 200–foot zone for notice, like the addition of a requirement to post a sign, would change the balance of rights and responsibilities struck by the Legislature.

▇ Our reading of *N.J.S.A.* 40:55D–12 to foreclose Edison's enhanced notice is consistent with the history and purpose of the MLUL as the Supreme Court has construed it. The MLUL was intended to simplify, expedite and standardize procedures for approval by local boards, limit the potential for harassment of applicants, and bring consistency, statewide uniformity, and pre-dictability to the approval process. *Rumson Estates, Inc., supra,* 177 *N.J.* at 356–57, 828 *A.2d* 317; *Pizzo Mantin Group, supra,* 137 *N.J.* at 225, 229, 645 *A.2d* 89; *City of South Amboy v. Gassaway,* 101 *N.J.* 86, 91, 501 *A.2d* 120 (1985); *Manalapan, supra,* 92 *N.J.* at 476, 457 *A.2d* 441. It is not difficult to envision the negative impact on these goals if the clear provisions of *N.J.S.A.* 40:55D–12 governing the scope and method of notice were construed to permit each municipality to adopt its own standards.

Edison's provision requiring the posting of a sign illustrates the potential for introduction of confusion and arbitrariness in the approval process. The ordinance requires a sign with "lettering [that] shall be of such a type face and size as to be clearly visible to motorists and pedestrians in or on the abutting street." *Edison, N.J., Code* § 18.28.060(C) (as amended). The difficulty of identifying a "type face" that meets this subjective standard is self-evident. The clear and precise requirements of *N.J.S.A.* 40:55D–12, which are easily followed and enforced, stand in stark contrast to this "type face" rule. Vague standards serve to "invite inconsistency, encourage controversy, and lead to arbitrary action by the planning authority." *Pizzo Mantin Group, supra,* 137 *N.J.* at 229, 645 *A.2d* 89. A multiplicity of unique local standards for notice would bring new complexity, conflict and confusion to a process the Legislature sought to simplify and standardize.

Edison attempts to minimize the significance of its deviation from the requirements of *N.J.S.A.* 40:55D-12 by arguing that non-compliance will result in punishment but not deprive its boards of jurisdiction. *See Edison, N.J., Code* § 18.28.060(A), (C). It is generally understood, and Edison concedes, that a municipal board does not have jurisdiction to consider an application if the required notice of the hearing has not been given. *See Township of Stafford v. Stafford Twp. Zoning Bd. of Adjustment,* 154 *N.J.* 62, 79, 711 *A.*2d 282 (1998); *City of South Amboy, supra,* 101 *N.J.* at 93, 501 *A.*2d 120. We fail to understand how Edison's decision to punish violators with fines and possible jail time could save an ordinance that is inconsistent with the MLUL. A municipality may not invoke its police powers to justify adoption of rules related to zoning, *see Pizzo Mantin Group, supra,* 137 *N.J.* at 223–25, 645 *A.*2d 89, and a municipality has no authority to punish those who violate rules it is not authorized to adopt, *see, e.g., State v. Meyer,* 212 *N.J.Super.* 1, 512 *A.*2d 1139 (App.Div.1986).

The fundamental problem with this ordinance is its inconsistency with the MLUL. Edison has opted to require more notice than the Legislature deemed appropriate, apparently preferring its view of the balance of the benefits and burdens implicated. Local authority to disagree with the Legislature's judgment on this issue is neither incident to nor fairly inferred from any authority the Legislature has delegated. *See D.L Real Estate, supra,* 176 *N.J.* at 133–34, 820 *A.*2d 1220 (local expiration date for preliminary approvals was permissible although not expressly authorized because it reflected and was not inconsistent with the terms of the MLUL). The wisdom of these specific provisions of the MLUL is not a question for the courts or for the municipalities. *See Rumson Estates, Inc., supra,* 177 *N.J.* at 349, 828 *A.*2d 317.

The order invalidating the amendments to *Edison, N.J., Code* § 18.28.060 adopted through Ordinance No. 0.1407–4004 is affirmed.