NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ANNIE VAN WART, PETITIONER, v. GREGORY'S GARAGE, RESPONDENT.

This is a proceeding on a petition for compensation, under an act entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment and establishing an elective schedule of compensation and regulating procedure for the determination of liability and compensation thereunder, approved April 4th, 1911," and the acts amendatory thereof and supplementary thereto. The facts in the case have been stipulated by counsel of the respective parties substantially as follows:

Petitioner is the widow of John William Van Wart, who, on and prior to January 25th, 1924, was employed by the respondent as an automobile mechanic. On that date, the said John William Van Wart, while working under an automobile in respondent's garage at Englewood, New Jersey, inhaled the exhaust gases from the automobile. It is agreed between the parties that the accident thus described arose out of and in the course of the said John William Van Wart's employment with the respondent. As a result of the said accident, the said John William Van Wart sustained disability total in character and permanent in quality. Respondent paid compensation to the said John William Van Wart on the basis of disability, total in character and per-

manent in quality, at the rate of $17 per week, from the date of the accident. The last payment of compensation was made on November 9th, 1926, which payment was for the compensation which had accrued as of that date. On November 12th, 1926, the said John William Van Wart died, as a result of the accident, and on February 23d, 1927, his widow filed a petition for compensation as a dependent of the said John William Van Wart. It is agreed that the widow was solely dependent upon her husband. At the time of his death the said John William Van Wart earned $35 a week.

Respondent contends that the petition is barred because it was not filed within one year from the date of the accident, as required by section 23-h of the Workmen's Compensation act. The contention of the petitioner, on the other hand, is that the petition is good because it was filed within one year from the last payment of compensation.

Section 23-h is as follows: "In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed in duplicate with the secretary of the workmen's compensation bureau, at the state house, in Trenton, within one year from the date on which the accident occurred, or in case an agreement of compensation has been made between such employer and such claimant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by such employer, then within one year after the last payment of compensation." It is to be observed at the outset that this section includes all claims for compensation on account of personal injury or death.

This section establishes the main limitation that all claims for personal injuries or death shall be forever barred, unless a petition is filed within one year after the date on which the accident occurred. This limitation, however, is qualified by two exceptions, viz.:

1. "Or in case an agreement of compensation has been made between such employer and such claimant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement;" and

2. "Or in case a part of the compensation has been paid, by such employer, then within one year after the last payment of compensation." It is clear that the petitioner in the present case cannot avail herself of the first exception, for the reason that the language of that exception contemplates an agreement of compensation between the employer and the claimant. No agreement of compensation has been made between the petitioner and the employer in this case. If the petitioner can recover, therefore, it must be under the second exception, viz.: "Or, in case a part of the compensation has been paid by such employer, then within one year after the last payment of compensation." It is significant that the second exception is set off from the preceding part of the paragraph by a semicolon, which is a mark of grammatical punctuation used to indicate a separation in the relations of the thought, a degree greater than that expressed by the comma. It is also significant that the last clause of the paragraph begins with the disjunctive "or." It would seem from the punctuation and the use of the disjunctive "or" that the intent of the legislature was to set off the second exception in sharp contrast to the main limitation and the first exception to it. In other words, the second exception, by reason of the use of the semicolon and of the disjunctive "or," constitutes a limitation different in kind as compared with the main limitation or the first exception to it. It is clear that the second exception does not contemplate an agreement between the claimant and the employer; for if it did, it would be substantially the same as the first exception.

The question thus raised is what is meant by "part of the compensation," as used in the second exception. As pointed out above, the phrase "part of the compensation," cannot mean part of the compensation which the employer has paid by reason of an agreement; for if that were so, the first and second exceptions would be identical.

It is fundamental that in construing the statute, an endeavor should be made to ascertain the intent of the legislature and give effect thereto. The legislative intent is to be derived from a view of the whole act. *In re Merrill*, 88 *N. J. Eq.* 261, it was said that the real intention when ascer-

tained will prevail over the literal sense of terms. In other words, when words are not expressed, the intention is to be collected from the context and the occasion and the necessity of the law and from the mischief felt and the remedy in view; and the intention is to be taken or presumed according to what is consummate to reason and good discretion. Section 23-h must be read in connection with the whole act.

Paragraph 7 provides that "when an employer and employe shall, by agreement, either expressed or implied, accept the provisions of section 2, compensation for personal injuries to or for the death of such employe shall be made by the employer according to the schedule set forth in the act."

In paragraph 8 it is said: "Such an agreement [that is to accept the provisions of section 2] shall be a surrender by the parties of their rights to any other method or form or amount of compensation or determination thereof, than as provided in section 2 of the act and shall bind the employe, himself and for compensation for his death, shall bind his personal representatives, his widow and next of kin, as well as the employer." The schedules referred to in paragraph 7 are contained in paragraphs 11 and 12.

Paragraph 12 contains the provisions for the computation of compensation payable to dependents in case of death of the employe.

In paragraph 12-k, provision is made that the compensation, in case of death, shall be paid during three hundred weeks.

Paragraph 14-a provides: "Compensation for all classes of injuries shall run consecutively and not concurrently and except as provided in paragraph 14, as follows: "First, medical and hospital services and medicines as provided in paragraph 14. After the waiting period, compensation during temporary disability. If total period of disability extends beyond seven weeks, compensation to cover waiting period. Following both, either or none of the above, compensation consecutively for each permanent injury. Following any or all or none of the above, if death results from the accident, expenses of last sickness and burial. Following which, compensation to dependents, if any. In no case shall the total

number of weekly payments be more than five hundred, except as provided in paragraph 11-b and 12-k of this act."

Under section 2 of the act, the employer is obligated to pay compensation, not only to the injured employe, but also to his dependents where the death results from the accident. Thus, where an employer has paid compensation to an employe, and the employe subsequently dies, as a result of his injuries, the employer's obligation under the statute, to pay compensation, is not discharged until he has paid the employe's dependents compensation as provided in the act; should the employer, in such a case, fail or refuse to make the payments of compensation to the dependents, after the death of the employe, only a part of the compensation which the employe was obligated by the provisions of the act to pay, would have been paid.

The dependents' right to compensation is upon an equal standing with the employe's right to compensation; the theory of the Compensation act is that an employe shall receive compensation according to the schedules of compensation set forth in the act, and, if death results from the injury, his dependents shall receive compensation in accordance with paragraph 12 of the act. I conclude that the meaning of the words "part of the compensation," as used in section 23-h, means part of the compensation which the employer is obligated to pay to an injured employe and in case of death, as a result of an injury, compensation to his dependents in accordance with the provisions of the act.

Under paragraph 12-k, compensation in case of death is limited to three hundred weeks. By paragraph 14-a, compensation for temporary disability, permanent disability to dependents, if death results from the accident, is limited to five hundred weekly payments. Under this latter section, the legislature, in effect, has said that if two hundred weeks of compensation have been paid to an employe who dies as a result of his injuries, leaving dependents, the latter are entitled to three hundred weeks of compensation. It is clear that the obligation of the employer to pay compensation does not cease at the death of the employe who dies as a result of his injuries, leaving dependents. If more than two hundred

weeks of compensation have been paid to the employe, then the obligation of the employer to pay compensation to the dependents ceases when the payments to both the employe and his dependents aggregate five hundred weeks.

It should also be observed that in the second exception, no mention is made as to whom "part of the compensation" shall have been paid. Under the Compensation act, compensation can be paid only to an injured employe, or to his dependents. See section 22. It has been seen that section 23-h applies to payments for compensation on account of death, as well as on account of personal injury. It would seem that the intent of the legislature was to fix the limitation from the date of the last payment to either the injured employe or his dependents, or both. In other words, in the case of dependents, their claim would be good, providing the petition were filed within a year from the last payment of compensation to the employe, or to themselves. It may well be that the legislature, in adding this last exception to section 23-h, contemplated such a situation as is presented in this case where the employer has acknowledged his liability by the payment of compensation to the employe for more than a year from the date of the accident.

The legislative scheme is clear. Compensation shall be paid to the employe during his temporary disability, if any, and thereafter, for his permanent disability, if any. Should death result from the accident, during the time that payments are being made for either temporary or permanent disability, compensation shall then be payable to the employe's dependents, if any. If less than two hundred weeks of compensation have been paid to the employe himself, the dependents are entitled to compensation for a period of three hundred weeks; if more than two hundred weeks have been paid to the employe, then the dependents shall receive compensation until five hundred weeks of compensation have been paid to the employe and his dependents. I cannot adopt the view that the dependents' right to compensation would be barred where an employer has paid compensation to the employe for more than a year after the accident and the employe subsequently dies as a result of his injury. If this view prevailed, it would

be necessary for those dependent upon an injured employe, to whom compensation is being paid either for temporary or permanent disability, to file a petition within one year from the date of the accident, while the employe himself was still living, in order to protect their rights under the statute. Certainly such a thing was not within the contemplation of the act. The dependents have no standing in court until the employe's death, as a result of his injury. It seems to me it would be absurd to hold that in case where an employe has been paid compensation up to his death for a period of more than a year after the accident, that the right of the employe's dependents is barred, because a petition was not filed within one year from the date of the accident. In view of the foregoing, I conclude that the petition in this case is not barred by section 23-h of the act.

\*    \*    \*    \*    \*    \*    \*

HARRY J. GOAS,
*Deputy Commissioner.*