SEYLER, PLAINTIFF, v. CLARK, JR., ET., DEFENDANTS.

Common Pleas Court, Hamilton County.

No. A-180029. Decided June 7, 1961.

*Mr. Carl B. Rubin*, for plaintiff.

*Mr. C. Watson Hover*, prosecuting attorney, and *Mr. Robert Lilley*, assistant prosecuting attorney, for defendants.

Leis, J.  The plaintiff, a citizen, elector, taxpayer, and property owner in Hamilton County, Ohio, filed his petition on December 19, 1960, naming as defendants James R. Clark, Jr., Louis J. Schneider, Jr., and Edwin Tepe, who constituted the Hamilton County Board of Commissioners on that date.  Hereinafter these defendants will be referred to as "The Board" as far as it is possible to do so.

 This matter concerns itself with an action by the Board under Chapter 303, Revised Code, which deals with county zoning, and, specifically, under Section 303.12, Revised Code. This section provides in detail for amendments or supplements to the zoning code.  In January, 1960, the Rural Zoning Commission initiated changes in the County Zoning by proposing to create a new class of zoning, known as "B-2."  The power to initiate such zone supplements is granted to the Rural Zoning Commission, to the Board, and to owners or lessees of affected property.  Once such proposal has been filed the procedure followed is set forth in Section 303.12, Revised Code.

A public hearing is first of all required to be held in each township affected by the proposed amendment or supplement. Notice of the hearing must be given in one or more newspapers in general circulation in such township.  At the same time that the procedure for hearings is commenced, a copy of the proposed amendment or supplement must be sent to the County or Regional Planning Commission which is required to make a recommendation to be heard at the public hearing.  Within

thirty days after the public hearing the Rural Zoning Commission must recommend approval or denial of the change and must submit its recommendation to the Board of County Commissioners. The Board of County Commissioners thereupon sets a date for a public hearing and advertises the holding of the hearing. Within twenty days after a public hearing the Board of County Commissioners either adopts or denies the recommendation of the Rural Zoning Commission or adopts some modification thereof.

Counsel for the parties herein have stipulated and agreed to a statement of facts which give rise to this injunction suit. As to these stipulated facts, by agreement, no evidence was presented to the Court except certain exhibits attached to the stipulation of facts, or exhibits introduced during argument of counsel to the Court.

The stipulations of fact are as follows:

1. All proceedings concerned herein are governed by Chapter 303, Revised Code, and specifically Section 303.12, Revised Code.

2. In January of 1960 the Rural Zoning Commission proposed a zoning amendment to the Zoning Resolution of Hamilton County, Ohio. (The text of the proposed amendments is attached to the agreed statement of facts submitted to the Court as exhibit A.)

3. On January 27, 1960, the Regional Planning Commission of Hamilton County, Ohio, voted to recommend approval of the said proposed amendments to the Zoning Resolution.

4. Hearings in accordance with Section 303.12, Revised Code, were held in Delhi Township and Green Township on February 1, 1960; in Sycamore Township and Symmes Township on February 2, 1960; in Anderson Township and Columbia Township on February 3, 1960; in Springfield Township on February 8, 1960. Notice of the aforesaid hearings were properly given in the Cincinnati Enquirer on January 16, 1960, and the Cincinnati Post-Times Star on January 16, 1960. The time interval between the notices and the hearings was in accordance with Section 303.12, Revised Code, and the public hearings were properly held in each of the affected townships.

5. The Rural Zoning Commission, following its meeting on

February 18, 1960, voted unanimously to recommend approval of the amendments to the Zoning Resolution.

6. On February 16, 1960, legal notice of a public hearing before the Board of County Commissioners on March 15, 1960, at 10:30 A. M. was published in the Cincinnati Enquirer. Said publication and the time interval was fully in accord with Section 303.12, Revised Code. (A copy of said legal notice was attached to the Agreed Statement of Facts as an exhibit B.) The proposed amendments to the Zoning Resolution referred to in said legal notice on file at that time at the office of the Rural Zoning Commission were the same as Exhibit A (attached to the Agreed Statement of Facts).

7. The action of the Board of County Commissioners on April 5, 1960, was unanimous.

The basic issue now before this Court is the legality of new "B-2 Residence Zoning" as established on April 5, 1960, by the unanimous vote of the Board.

The plaintiff argues the following propositions of law in support of his position:

1. The published notice of the hearing before the Board of County Commissioners, in violation of Section 303.12, Revised Code, did not contain a summary of the proposed amendment or supplement.

2. The Board of County Commissioners did not within twenty days after the public hearing adopt or deny the recommendation of the Zoning Commission, or adopt some modification thereof.

3. The Board of County Commissioners, contrary to the spirit and the intent of Section 303.12, Revised Code, violated the obligation of good faith imposed upon every public official in his dealings with the public.

Section 303.12, Revised Code, specifically provides of published notice of a hearing before the Board as follows:

"Section 303.12, Revised Code. AMENDMENTS OR SUPPLEMENTS TO ZONING RESOLUTION; NOTICES AND HEARINGS; REFERENDUM.

"* * * The published notice shall set forth the *time* and *place* of the public hearing and *a summary of the proposed amendment or supplement.*" (Emphasis added.)

The salient word in this provision is "summary" and its applicability to the facts herein. The dictionary definition of "summary" is as follows:

"Summary—Short, concise, reduced into a narrow compass, or into a few words. (Ballentine—Law Dictionary.)

"—An abstract abridgement, or compendium. (Webster's New International Dictionary, 2nd Edition, 1956.)

The Supreme Court of Ohio in the case of *State, ex rel. Hubbell* v. *Bettman, Attorney General,* 124 Ohio St., 24 (1931), construed the word "summary" as used in Section 4785-176, General Code, in this language, in the second syllabus of the case. (The use of the word "summary" in Section 4785-176, General Code, is similar to its use in Section 303.12, Revised Code.)

"Syl. 2. The summary (or synopsis referred to in Section 4785-176, General Code), should not describe at length the character of the proposal to be submitted, but should contain a short, concise, succinct summing up reduced into a narrow compass."

In the text of the Supreme Court's opinion in the above case, the Court defined "summary" as "short, brief, compendious, succinct, reduced into a narrow compass," and later in its opinion alluded to "summary" as "a short, concise, summing up, which will properly advise * * * (the reader) * * * of the character and purpose of the amendments without the necessity of perusing them at length."

The same principle of "summary" applies to the matter now before this Court. In the preface to *Metzenbaum's* 3 Volume work on the *Law of Zoning (2nd Edition),* the following statement appears:

"It should never be forgotten that zoning is not an unbridled license, that in every act in connection therewith, the guiding rule should be reasonableness."

The Legislature, in drafting Section 303.12, Revised Code, attached great importance to the published notice of the public hearing before the Board. This emphasis on "notice" is further amplified in that the entire section contains various details concerning notice to the public in the chain of hearings prior to the final hearing before the Board. The statute, Sec-

tion 303.12, Revised Code, sets forth in detail the elements of the published notice of the hearing before the Board as follows:

"The published notice shall set forth—

"1. The TIME of the public hearing;

"2. The PLACE of the public hearing; and

"3. A SUMMARY of the proposed amendment or supplement."

When the elements of the published notice are so explicitly detailed in the statute, it becomes a duty upon the Board to exercise care in drafting the notice so that it complies with these mandatory provisions of the law. (See *Metzenbaum's— Law of Zoning, Chapter XI (f) State enabling Acts and Statutes must be Complied with,* pp. 1888 and 1889.

The Court again quotes from *Metzenbaum's Preface* in Law of Zoning (supra):

"Few philosophies for the improvement of the public welfare have become so firmly rooted in so short a time as has zoning * * *. It has helped to restore the original concept of the American form of government—the town meeting theory— for, unlike changes in the average law which are voted by those in authority with no specific notice to those affected, zoning changes may not—generally be made without actual or constructive notice to all those affected within the neighborhood, with an opportunity to be heard.

"And how zealously do the neighbors contend against revision which they believe may injure their area. * * * Good houseskeeping, for municipalities as in homes, will find an orderliness where industry, business, and houses will each have their proper places; each benefiting therefrom, and the community being much the better as a result thereof."

Needless to say, the purpose of the published notice is to publicly inform those citizens having an interest in the amendment of the zoning resolution that an amendment or supplement is suggested affecting the present zoning resolution and, furthermore, to inform them of the nature, character and purport of the amendment.

In the matter now before this Court, Article VII-A of the Proposed Amendment to the text of the Hamilton County Zon-

ing Resolution, dated January 8, 1960, is as follows: (per Exhibit A)

"III. Add a new Article to the Regulations to provide for the 'B-2' Residence District and to read as follows:

"*Sec. 75.* The regulations set forth in this Article, or set forth elsewhere in this Resolution, when referred to in this Article, are the district regulations in the 'B-2' Residence District.

"*Sec. 76. Use Regulations.*

"A building, or premises shall be used only for the purposes permitted in the 'B' Residence District.

"*Sec. 77. Height Regulations.*

"The height regulations are the same as those in the 'A' Residence District.

"*Sec. 78. Area Regulations.*

"*Sec. 78.1. Yards.*

"The front, side and rear yard regulations shall be the same as those in the 'B' Residence Districts.

"*Sec. 78.2. Intensity of Use.*

"Except as hereinafter provided in Article XVII, every lot or tract of land shall have a minimum width of sixty (60) feet at the building line, and an area of not less than nine thousand (9000) square feet."

The published notice in the Cincinnati Enquirer on February 26, 1960, purportedly summarizing this proposed supplement to the text of the Zoning Resolution affecting all townships in Hamilton County, under County Rural Zoning is—

"Office of the Board of Hamilton County Commissioners, Cincinnati, Ohio, Friday, February 26, 1960.

"Notice is hereby given that a public hearing will be held by the Board of County Commissioners, 224 Court House, Cincinnati, Ohio, on the 15th day of March, 1960, at 10:30 A. M. for the purpose of considering proposed amendments to the text of the Zoning Resolution affecting all townships in Hamilton County under County Rural Zoning.

"Case No. 1 to 60. Proposed Text Amendments.

"The proposed text amendments are designed * * *

"3. To add a new Article VII-A regulating the new 'B-2' Residence District * * *

"The text of the proposed amendments to the Zoning Resolution may be examined at the office of the Rural Zoning Commission, Room 232, Court House, Cincinnati, Ohio, during normal business hours."

The elements of "time" and "place" prescribed by the statute for the published notice are properly included in this notice, but does the notice contain the third mandatory element, namely, a "summary of the proposed amendment or supplement"? The published notice informs the citizen living in a township in Hamilton County under County Rural Zoning—

1. That some proposed amendments to a zoning resolution affecting all townships in Hamilton County are to be considered on March 15, 1960, at 10:30 A. M. by the Board at the Hamilton County Court House, Room 224, and;

2. That "new Article VII-A regulating new 'B-2' Residence District" is included; and

3. That the text of the proposed amendment can be examined by the citizen at a given room in the Court House during normal business hours.

Is it possible for a citizen to determine from this notice whether or not his property is affected in any degree by the proposed "New B-2" zoning change or amendment? Is the notice a short, concise, summing up of the "New B-2" Residence District regulation which properly advises the affected citizen of the character and purport of the amendment without the necessity of his having to peruse it at length? Is it possible for a citizen to determine from this notice anything about B-2 zoning, its relationship to presently established zones, the regulations proposed for use, and height and yard area? Definitely not. If a citizen wants information about the new B-2 zoning Residence District he is instructed to see the text of the Resolution during normal business hours at an office in the Court House. The statute was designed to prevent such inconvenience to an inquiring citizen. The Board, by law, was to furnish the summary of the zoning resolution in its public notice.

It is incomprehensible to this Court to expect that thousands of citizens stand in line for hours, at an office in the Court House, to determine what the "New B-2 Residence District Resolution" is about, and to determine whether or not their property

is affected, and whether or not they should attend the public hearing as advertised. It is true the citizen has notice that some change is to be made in a Residence District Zone by the addition of a "B-2 Residence District," but the law sets forth that he is to be informed, in summary, in the published notice, the contents of the amendment or supplement.

The notice prescribed in Section 303.12, Revised Code, is more than a mere "public hearing" notice. The notice prescribed is a "public hearing and information notice." Therefore, a proper summary, as prescribed by law, of the Resolution and its provisions, in the published notice in the newspaper, showing the nature and character and support of the New "B-2" Residence District would inform an interested citizen of the content of "B-2" Residence Zoning without any undue inconvenience on his part.

The word "notice" is not a technical one, and while it can have various meanings, the meaning to be given by the courts is to be controlled largely by the context and by the purpose and intent of the statute which provides for or requires it. The term should receive reasonable interpretation with reference to the subject to which it is applied * * *. (*66 Corpus Juris Secundum, "Notice"* pp. 634 and 635.)

It is this Court's opinion, under the most reasonable consideration to the circumstances surrounding this matter, that the published notice of the hearing before the Board was insufficient, defective and not in accordance with law in that it did not contain a proper summary of the proposed New "B-2" Residence District as required by the statute. It is further this Court's determination that the provisions of Section 303.12, Revised Code, relative to the published notice by the Board is a mandatory provision in the law and should be strictly construed.

It therefore follows that the temporary restraining order of December 19, 1960, will be made a permanent injunction preventing the Board from granting application for "B-2" zoning in any case now pending before said Board, or which may be filed in the future based upon present "B-2" zoning classification.

The Court will not comment on other argument made before

it in that the Court finds the proceedings were held without proper notice, as stated above.

Please present entries accordingly.