182 N.J. Super. 289 (1981)
440 A.2d 1150
WILLIAM WOLF, JUDY WOLF, RICHARD KING, RICHARD DOELGER, PATRICIA DOELGER, PATRICIA ZINN, JOHN PALLOWAY, CAROL PALLOWAY, DOUGLAS MCNITT, RICHARD LEES, LINDA LEES, MICHAEL LICHTIG, ROBERT GIBLON, DOUGLAS MOSES AND LINDA MOSES, PLAINTIFFS-APPELLANTS,
v.
MAYOR AND BOROUGH COUNCIL OF THE BOROUGH OF SHREWSBURY, PLANNING BOARD OF THE BOROUGH OF SHREWSBURY, AND THE BOROUGH OF SHREWSBURY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS, AND PROPERTIES VENTURES, INC., AND DAVID H. AND CHARLENE A. MARX, DEFENDANTS AND INTERVENORS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1981.
Decided December 31, 1981.
*290 Before Judges MICHELS, McELROY and J.H. COLEMAN.
William F. Dowd argued the cause for appellants (Dowd & Reilly, attorneys).
Albert A. Zager argued the cause for intervenors-respondents (Carton, Nary, Witt & Arvanitis, attorneys).
Gagliano, Tucci & Kennedy, attorneys for respondent Planning Board of Borough of Shrewsbury, and Wilentz, Goldman & Spitzer, attorneys for intervenors-respondents David H. Marx *291 and Charlene A. Marx, join in the brief submitted on behalf of intervenor-respondent Properties Ventures, Inc.
The opinion of the court was delivered by MICHELS, P.J.A.D.
Plaintiffs, a group of residential property owners and taxpayers of defendant Borough of Shrewsbury (borough), appeal from a summary judgment of the Law Division entered in favor of the borough, defendants mayor, borough council and planning board of the borough, and defendants and intervenors Properties Ventures, Inc., and David H. Marx and Charlene A. Marx, which (1) denied plaintiffs' application to enlarge the time within which to institute this action in lieu of prerogative writs under R. 4:69-6(c), and (2) dismissed their action challenging the validity of the January 1979 and March 1979 amendments to the borough's zoning ordinance.
A brief review of the procedural history giving rise to this appeal is helpful to its resolution. The borough is a small residential community located in the eastern portion of Monmouth County, New Jersey. In 1979 the borough rezoned three large tracts of land located in its southern section. The borough changed these tracts from a single-family residential zone, requiring one-acre lots, to a planned residential development zone, which would permit townhouse development with two to five units an acre. The three tracts rezoned were the 85-acre Marx tract, the 84-acre Forgotson tract and the 119-acre Genola tract. These three tracts, aggregating 288 acres, represented approximately 20% of the land mass in the borough and 80% of the remaining vacant land available for development. Apparently the master plan adopted in 1978 recommended the change in the zoning for these three properties.
The notice for the January 1979 amendment, which first provided for the planned residential development zone, appeared on January 17, 1979 in the Daily Register, a local newspaper printed and published in Shrewsbury, and read as follows:

*292 NOTICE
Pursuant to N.J.S.A. 40:49-2.1, notice is hereby given that the following ordinance is being revised pursuant to the Municipal Land Use Law, P.L. 1975. C. 291 (C. 40:55D-1 et seq.).
An ordinance to amend the code of the Borough of Shrewsbury by amending Chapter 94  Zoning.
The main objectives of these revisions are to comply with the requirements of said Municipal Land Use Law by conforming to the provisions of the Master Plan of the Borough of Shrewsbury, prepared by Candeub-Fleissig and Associates, dated December, 1973.
Copies of said ordinance are on file on public examination and acquisition at the Office of the Shrewsbury Borough Clerk, Municipal Building, Broad Street and Sycamore Avenue, Shrewsbury, New Jersey.
The public hearing on this proposed ordinance shall be held on Monday, January 29, 1979, at 8:00 p.m., at the Shrewsbury Municipal Building.
 DATED: January 16, 1979.
 JEAN W. FABRY, Borough Clerk
 Jan. 17 $9.00
The ordinance referred to in the notice consisted of 75 pages and was adopted on January 29, 1979.
Thereafter, on February 12, 1979 the Daily Register published a second notice, virtually identical to the first notice set forth above, announcing that the borough council would consider amendments to the ordinance on March 12, 1979. Apparently these amendments were technical, consisting largely of corrections of typographical errors. These amendments were adopted on March 12, 1979. Thereafter, on March 10, 1980 the ordinance was again amended to revise and extend the border of the planned residential development zone.
On April 28, 1980 plaintiffs instituted this action by a complaint in lieu of prerogative writs, seeking a declaration that the three amendments to the zoning ordinance were invalid and void. Plaintiffs contended that the substantial change in the zoning plan would adversely affect the value of surrounding properties, radically alter the residential character of the borough, severely strain and exceed the capacity of the available municipal services, create traffic problems and increase taxes. Plaintiffs charged, generally, that the amendments to the zoning ordinance were arbitrary, capricious and unreasonable, *293 adopted without adequate study and consideration, and were without any rational basis in law or in fact. They also claimed, among other things, that the planning board and borough council failed to perform their respective duties to independently review and evaluate the proposed amendments.
Following the filing of answers defendant-intervenor Properties Ventures, Inc., moved for summary judgment, claiming that the action was time-barred since the complaint was not filed within the 45-day time period required by R. 4:69-6(a). The trial judge, on the basis of the pleadings and affidavits, granted summary judgment on grounds that (1) the action was not instituted timely and (2) "the minimum standards were followed insofar as the original [January 1979] ordinance prior to the hearings and subsequent thereto with respect to the passing of the actual ordinance in question...." The trial judge recognized that the changes in the zoning plan would affect substantial rights of the borough as well as the individual plaintiffs herein. Nonetheless, he denied plaintiffs' motion pursuant to R. 4:69-6(c) to enlarge the time within which this action could be instituted, ostensibly because there was no substantial constitutional question involved.
Thereafter, defendant-intervenors Marx moved for summary judgment with respect to plaintiffs' complaint challenging the March 1980 amendment to the zoning ordinance. The trial judge denied that motion, pointing out that the action with respect to this amendment was filed within the 45-day time period. In October 1980, plaintiffs moved to vacate the summary judgment dismissing their complaint directed at the January 1979 and March 1979 amendments on the ground that the notice of the January 1979 amendment, which proposed a substantial revision of the existing zoning ordinance, did not summarize the main objectives or provisions of the ordinance as required by N.J.S.A. 40:49-2.1, thereby not adequately notifying them of the proposed zoning change nor affording them an opportunity to be heard with respect thereto. The trial judge denied the motion, adhering to his original ruling that the January 17, 1979 notice *294 complied with the requirements of the statute. The matter was subsequently set down for trial as to the validity of the March 1980 amendment. However, prior to trial plaintiffs decided not to proceed, and final judgment was thereupon entered in favor of all defendants. This appeal followed.
The principal thrust of plaintiffs' challenge to the trial judge's dismissal of their action is that the January 17, 1979 notice of the proposed amendment to the borough's zoning ordinance did not satisfy the requirements of N.J.S.A. 40:49-2.1. Specifically, they claim that the notice in the Daily Register did not constitute a brief summary of the main objectives or provisions of the January 1979 amendment to the zoning ordinances and did not adequately apprise them and other residents of the borough of the substantial zoning change that was planned. We agree and reverse.
Prior to the adoption of the Municipal Land Use Law, zoning ordinances had to be published in full in a locally-circulated newspaper. N.J.S.A. 40:55-34 (repealed by L. 1975, c. 291, § 80, eff. Aug. 1, 1976) and N.J.S.A. 40:49-2. See Dover Tp. Homeowners v. Dover Tp., 114 N.J. Super. 270, 277-278 (App. Div. 1971). The Legislature's purpose in requiring that such ordinances be published in advance of passage was to promote "wide dissemination of notice throughout the municipality affected, so that citizens and interested parties may have an opportunity to become informed and to be heard." Plainfield v. Courier News, 72 N.J. 171, 182 (1976). See Reisdorf v. Mountainside, 114 N.J. Super. 562, 573 (Law Div. 1971); Masnick v. Cedar Grove Tp., 99 N.J. Super. 436, 439 (Law Div. 1968); Bruno v. Shrewsbury, 2 N.J. Super. 550, 554 (Law Div. 1949). In discussing N.J.S.A. 40:55-34 and N.J.S.A. 40:49-2, which were read in pari materia, we observed in LaRue v. East Brunswick, 68 N.J. Super. 435 (App.Div. 1961), that:
The obvious design of the legislation is to insure that the public will be apprised of the proposed ordinance (or amendment) prior to its final passage in order that objections may be fully and freely raised and, if persuasive, honored. [at 451]
*295 Failure to substantially comply with the requirements of a statute requiring publication renders the ordinance invalid.
N.J.S.A. 40:49-2.1 (L. 1977, c. 395, § 1, eff. February 23, 1978), the statute dealing with the publication of land use ordinances now in effect, provides:
In the case of any ordinance adopted pursuant to the "Municipal Land Use Law," P.L. 1975, c. 291 (C. 40:55D-1 et seq.), including any amendments or supplements thereto, or revisions or codifications thereof, which is in length, six or more octavo pages of ordinary print, the governing body of any municipality may, notwithstanding the provisions of R.S. 40:49-2, satisfy the newspaper publication requirements for the introduction and passage of such ordinance in the following manner:
a. The publication of a notice citing such proposed ordinance by title, giving a brief summary of the main objectives or provisions of the ordinance, stating that copies are on file for public examination and acquisition at the office of the municipal clerk, and setting forth the time and place for the further consideration of the proposed ordinance;
b. The placing on file, in the office of the clerk, three copies of the proposed ordinance, which copies shall be available for public inspection until final action is taken on said ordinance; and
c. The publication or arranging for the publication of the proposed ordinance in pamphlet or other similar form, which may be sold by the municipality at a price not to exceed the cost of publication and distribution.
If any amendment be adopted to any such proposed ordinance substantially altering the substance of the proposed ordinance, there shall be caused to be published a notice of the title of the ordinance, the introduction and time and place that the amended ordinance will be further considered and a summary of the objectives or provisions of the amendment or amendments, which notice shall be published at least 2 days prior to the time so fixed therefor in accordance with subsection c. of R.S. 40:49-2. Copies of the amended ordinance shall be on file and available, for public examination and duplication, in the office of the municipal clerk, until final action is taken on said ordinance. If said ordinance is again amended, the same publication requirements herein set forth for amended ordinances shall be followed.
Upon passage of any such ordinance, notice of passage or approval shall be published in accordance with subsection d. of R.S. 40:49-2.
While publication in full of a zoning ordinance or amendment thereto is no longer mandatory, N.J.S.A. 40:49-2.1 does require "a brief summary of the main objectives or provisions of the ordinance." In our view, the notices published with respect to the January 1979 amendment to the borough's zoning ordinance failed to comply with this clear statutory mandate. The *296 notice published in the Daily Register did not constitute a brief summary of the main objectives or provisions of proposed amendment. Moreover, it was not sufficient to alert a reasonably intelligent reader as to the nature and import of the substantial changes in the zone plan proposed by the borough. A notice of a proposed change in the zoning laws must be reasonably sufficient and adequate to inform the public of the essence and scope of the proposed changes. See North Beach Med. Ctr. v. Fort Lauderdale, 374 So.2d 1106, 1107 (Fla.D.Ct. App. 1979); Vizzi v. Islip, 71 Misc.2d 483, 336 N.Y.S.2d 520, 523-524 (Sup.Ct. 1972); Seyler v. Clark, 17 Ohio Op.2d 447, 175 N.E.2d 881, 886 (C.P. 1961); Golden Gate Corp. v. Narragansett, 116 R.I. 552, 359 A.2d 321, 323-326 (Sup.Ct. 1976); Federal Bldg. & Develop. Corp. v. Jamestown, 112 R.I. 478, 312 A.2d 586, 589-591 (Sup.Ct. 1973). See, also, Annotation, "Validity and construction of statutory notice requirements prerequisite to adoption or amendment of zoning ordinance or regulation," 96 A.L.R.2d 449, 497 (1964); 101A C.J.S. Zoning & Land Planning § 88 at 329-330. The notice published here did not do this.
Furthermore, we hold that the mere reference to the fact that the objectives of the amendments were to comply with the provisions of the master plan of the borough did not satisfy the specific notice requirements of the statute.
Consequently, we hold that the January 1979 amendment to the borough's zoning ordinance was passed in violation of the publication provisions set forth in N.J.S.A. 40:49-2.1, and therefore, it and the amendment thereto of March 1979 are void and invalid. Since important public rather than private interests were involved in this matter, the trial judge mistakenly exercised his discretion by refusing to enlarge the period of time within which plaintiffs could have instituted this action. It is manifest on the record before us that the interest of justice required that such relief be granted pursuant to R. 4:69-6(c).
Accordingly, the judgment under review is reversed and the January 1979 and March 1979 amendments to the Borough's zoning ordinance are set aside.