923 A.2d 338 (2007)
393 N.J. Super. 377
Joseph COTLER, Maxine Cotler and Richard Pierson, Plaintiffs-Appellants,
v.
TOWNSHIP OF PILESGROVE, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 2007.
Decided June 6, 2007.
*339 Patrick F. McAndrew, Medford, argued the cause for appellants.
William L. Horner, Salem, argued the cause for respondent (Horner & Horner, attorneys; Mr. Horner, on the brief).
Before Judges SKILLMAN, LISA and HOLSTON, JR.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
This appeal involves the notice requirements for adoption of a zoning ordinance under the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -99. N.J.S.A. 40:55D-62.1 provides that any owner of property located within 200 feet of a proposed change in zoning classification or boundaries must be given personal notice of the amended zoning ordinance, unless the zoning change was "recommended in a periodic general reexamination of the master plan[.]" We conclude that personal notice of the amended zoning ordinance challenged in this litigation was not required, because even though the *340 changes in zoning classifications and boundaries resulting from that amendment were not specifically recommended in a reexamination report, they resulted from a periodic general reexamination of the master plan. N.J.S.A. 40:49-2.1(a) requires the published notice of a proposed zoning ordinance to contain "a brief summary of the main objectives or provisions of the ordinance[.]" We conclude that the published notice of the amended zoning ordinance challenged in this litigation did not comply with this requirement because it did not contain sufficient information concerning the nature and scope of the changes in zoning that would result from its adoption.
Pilesgrove Township is a rural, agricultural municipality in north-central Salem County with a total land area of approximately thirty-five square miles. Plaintiffs Joseph and Maxine Cotler own a 57.61 acre farm and plaintiff Richard Pierson owns an 81.93 acre farm in the Township.
Before adoption of the amended zoning ordinance challenged in this litigation, plaintiffs' properties were located in the single-family residential (SR) district of the municipality, in which one acre residential lots are a permitted use. However, as a result of the challenged rezoning, plaintiffs' properties are now located in an agricultural retention (AR-2) district, in which the minimum permitted lot size is two acres.
The planning process that culminated in adoption of the amended zoning ordinance started with the Township Planning Board's reexamination of its master plan and land development regulations. After receiving a draft report from its planner and conducting a series of work sessions, the Board adopted a resolution on January 16, 2002 approving the reexamination report. The resolution stated that although the Township's zoning ordinance was in "general conformance" with the land use element of the master plan adopted in 1994, the reexamination report had "identified a number of specific issues which require attention by the Township Planning Board to refine and/or reaffirm Township planning objectives, policies, and standards[.]"
The specific issues referred to in the reexamination report included updating the boundaries between the SR and rural residential (RR) districts and enhancing the buffers between the SR and the RR and AR-2 districts. The report also recommended that "lot size in the SR district be increased" in certain circumstances. To implement these recommendations, the Board's resolution recommended that "an update to the Township Master Plan and Land Use Ordinance be undertaken to consider the specific issues identified in the Reexamination Report[.]"
The update of the land use element of the master plan recommended in the reexamination report began shortly after the adoption of the report but was not completed until early 2005. The Planning Board then conducted two days of public hearings on the proposed revised land use element, and on February 16, 2005, the Board adopted a resolution approving the revision. This revision stated that "all boundary and classification changes to the zoning ordinance that relate to the proposed changes in the Land Use Plan are the result of a periodic general re-examination of the Master Plan pursuant to N.J.S.A. 40:55D-62.1." The revision noted that the recommended changes included a reduction in size of the SR district in the northeast corner of the municipality where plaintiffs' properties are located and creation of an AR-2 district with a minimum two acre lot size. The revised land use element also contained maps showing the locations of each of the zoning districts.
*341 Following its adoption of the new land use element, the Planning Board prepared an amended zoning ordinance to implement its recommendations. The ordinance provided for the reduction in size of the SR district and the creation of the AR-2 district, in which plaintiffs' properties are now located, as recommended in the revised land use element.
The Planning Board advised the Township Committee that "the proposed ordinance is consistent with the Township Master Plan . . . and that it will implement key provisions of the recently adopted Land Use Plan element." The Board also advised the Committee that "all of the changes to zoning district classifications and boundaries contained in proposed Ordinance No. 05-09 are recommended in the Planning Board's most recent periodic general re-examination of the Pilesgrove Township Master Plan pursuant to N.J.S.A. 40:55D-89[.]"
On June 30, 2005, the Township Clerk published notice of the second reading of the proposed amended zoning ordinance and the scheduled public hearing. No personal notice of the proposed ordinance was given to plaintiffs or other property owners. The published notice is quoted and discussed later in this opinion.
There was only limited public comment at the hearing on the proposed amended zoning ordinance, and the Township Committee voted to adopt the ordinance at the conclusion of the hearing.
Plaintiffs then brought this action in lieu of prerogative writs challenging the validity of the ordinance on the grounds that the Township had not given them the personal notice of the proposed ordinance required by N.J.S.A. 40:55D-62.1 and that the brief summary of the contents of the ordinance contained in the published notice did not comply with N.J.S.A. 40:49-2.1.
The case was brought before the trial court on cross-motions for summary judgment. The court rejected both of plaintiffs' challenges to the validity of the amended zoning ordinance and dismissed plaintiffs' complaint.

I
Plaintiffs' first argument is that the amended zoning ordinance is invalid because they were not served with personal notice of the proposed rezoning of their properties, as required by N.J.S.A. 40:55D-62.1. This section of the MLUL provides:
Notice of a hearing on an amendment to the zoning ordinance proposing a change to the classification or boundaries of a zoning district, exclusive of classification or boundary changes recommended in a periodic general reexamination of the master plan by the planning board pursuant to [N.J.S.A. 40:55D-89], shall be given at least 10 days prior to the hearing by the municipal clerk to the owners of all real property. . . located, in the case of a classification change, within the district and within the State within 200 feet in all directions of the boundaries of the district, and located, in the case of a boundary change, in the State within 200 feet in all directions of the proposed new boundaries of the district which is the subject of the hearing.
. . . .
Notice shall be given by: (1) serving a copy thereof on the property owner as shown on the said current tax duplicate, or his agent in charge of the property, or (2) mailing a copy thereof by certified mail and regular mail to the property owner at his address as shown on the said current tax duplicate.
[Emphasis added.]
*342 The scope of the exemption from the personal notice requirement of N.J.S.A. 40:55D-62.1 and parallel provision of N.J.S.A. 40:55D-63 provided when changes to the classification or boundaries of a zoning district are "recommended in a periodic general reexamination of the master plan" was interpreted in Gallo v. Mayor & Township Council of Lawrence Township, 328 N.J.Super. 117, 744 A.2d 1219 (App.Div.2000). In that case, a planning board recommended additional changes in zoning classifications during the planning process that followed issuance of a periodic reexamination report. Id. at 120-21, 744 A.2d 1219. In concluding that property owners affected by those reclassifications were not entitled to personal notice of the proposed zoning ordinance amendments to effectuate the changes, we distinguished between "an isolated zoning change[,]" which affects only a discrete number of properties, and a zoning change which results from "a broad-based review of a municipality's entire zoning scheme." Id. at 124, 744 A.2d 1219. The former type of zoning change "involves compliance with statutory procedures that will generally be time restricted and may well involve public involvement resulting from the specific notice required by [N.J.S.A. 40:55D-62.1 and 63]." Id. at 125, 744 A.2d 1219. On the other hand, the latter type of zoning change is generally the result of the "master plan review envisioned by N.J.S.A. 40:55D-89" and "involves . . . extensive public review and analysis by consultants and experts, hearings, general public notice, and in most cases, extensive publicity and notoriety." Ibid. We concluded that "the Legislature was keenly aware of the distinction between the two separate processes and did not perceive it necessary to require that each property owner affected by a master plan change and zoning change be notified." Id. at 126, 744 A.2d 1219.
We also noted that this conclusion was supported by practical considerations:
The continuous review process involves "tinkering" and adjusting the master plan and ultimately the proposed [land use ordinance]. This is a dynamic process which may involve hundreds of changes, some major and some minor, during the deliberative and review process. To require individualized and personal notice to those within two hundred feet each time such change is contemplated or proposed would be counter-productive and would essentially stall the review process. The Legislature recognized that where there was a generalized revision, for which generalized public notice would be given, there was no reason to burden a municipality, and ultimately the taxpayers . . . with the additional burden of imposing specific notice for each proposed zoning change. Instead, personal notice is reserved for discrete and specific zoning changes that are not part of a Board's reexamination and modification of classifications consistent with them.
[Ibid.]
It is clear that the amended zoning ordinance under which plaintiffs' properties were rezoned resulted from the recommendations contained in a periodic general reexamination of the master plan. Although the reexamination report did not recommend specific changes in the Township's zoning, it concluded that the land use plan should be revised and specifically recommended that the boundaries of the SR district, in which plaintiffs' properties were located, "should be updated." Moreover, the Planning Board resolution adopting the report recommended that "an update to the Township Master Plan and Land Use Ordinance be undertaken to consider the specific issues identified in the Reexamination Report[.]" Following *343 the adoption of the periodic reexamination report, the Board and its planner engaged in a lengthy review of the Township's zoning, which included work sessions open to the public and public hearings. This review culminated in the Board's adoption of a revised land use element, which recommended numerous changes in the Township's zoning, including a reduction in the size of the SR district and the creation of an AR-2 district with a minimum two acre lot size in the northeast corner of the Township where plaintiffs' properties are located. The Township Committee subsequently adopted an amended zoning ordinance implementing these recommendations.
Thus, the rezoning of plaintiffs' properties was the product of an ongoing planning process that started with the preparation of the periodic reexamination report and concluded with the adoption of the amended zoning ordinance plaintiffs challenge in this litigation. Therefore, this rezoning was not an "isolated zoning change" affecting only a discrete number of properties, but instead the result of "a broad-based review of a municipality's entire zoning scheme," which could be adopted without the personal notice to affected property owners required by N.J.S.A. 40:55D-62.1 and 63. Gallo, supra, 328 N.J.Super. at 126, 744 A.2d 1219.

II
Plaintiffs' second argument is that the amended zoning ordinance is invalid because the summary of its contents contained in the published notice did not comply with the requirements of N.J.S.A. 40:49-2.1(a), which provides in pertinent part:
In the case of any ordinance adopted pursuant to the [MLUL] . . . which is in length, six or more octavo pages of ordinary print, the governing body of any municipality may, notwithstanding the provisions of [N.J.S.A. 40:49-2], satisfy the newspaper publication requirements for the introduction and passage of such ordinance in the following manner:
a. The publication of a notice citing such proposed ordinance by title, giving a brief summary of the main objectives or provisions of the ordinance, stating that copies are on file for public examination and acquisition at the office of the municipal clerk, and setting forth the time and place for the further consideration of the proposed ordinance[.]
[Emphasis added.]
Before enactment of the MLUL, a municipality was required to publish a proposed zoning ordinance in its entirety. See Wolf v. Mayor & Borough Council of Shrewsbury, 182 N.J.Super. 289, 294, 440 A.2d 1150 (App.Div.1981), certif. denied, 89 N.J. 440, 446 A.2d 162 (1982). Shortly after the MLUL became effective in 1976, L. 1975, c. 291, § 1, the Legislature enacted N.J.S.A. 40:49-2.1, L. 1977, c. 395, § 1, "to reduce the costs to municipalities of having to publish, in accordance with [N.J.S.A.] 40:49-2,[1] the full text of lengthy land use ordinances." Statement to Assembly Committee Substitute for Senate Bill No. 3008, at 2 (July 11, 1977); see also Sponsor's Statement to Senate Bill No. 3008, at 2 (Jan. 11, 1977) (noting that enactment of N.J.S.A. 40:49-2.1 "will potentially save the municipalities of New Jersey hundreds of thousands of dollars annually").
The only published opinion interpreting N.J.S.A. 40:49-2.1 is Wolf, supra, in which *344 the published notice of a proposed amendment to a zoning ordinance stated:
An ordinance to amend the code of the Borough of Shrewsbury by amending Chapter 94  Zoning.
The main objectives of these revisions are to comply with the requirements of said Municipal Land Use Law by conforming to the provisions of the Master Plan of the Borough of Shrewsbury . . . . [182 N.J.Super. at 292, 440 A.2d 1150.]
In concluding that this notice did not contain the "brief summary of the main objectives or provisions of the ordinance" required by N.J.S.A. 40:49-2.1, we stated:
[The notice] was not sufficient to alert a reasonably intelligent reader as to the nature and import of the substantial changes in the zone plan proposed by the borough. A notice of a proposed change in the zoning laws must be reasonably sufficient and adequate to inform the public of the essence and scope of the proposed changes.
[Id. at 296, 440 A.2d 1150.]
The published notice of the proposed amendments to the Township's zoning ordinance challenged in this litigation stated in pertinent part:
The purpose(s) of Ordinance 05-09 are as follows:
1. Revise and supplement zoning and land use regulations, and submission requirements for applications for development pursuant to the Municipal Land Use Law, including revisions to the zoning maps, zoning districts, zoning district regulations, and development application checklists.
This notice was more informative than the notice found insufficient in Wolf, which only stated that the amended ordinance would "comply with the requirements of said [MLUL] by conforming to the provisions of the Master Plan of the [municipality]," 182 N.J.Super. at 292, 440 A.2d 1150, thus failing even to inform the reader that the ordinance would result in substantive changes to the municipality's zoning. The published notice of the Township's proposed amended zoning ordinance provided this essential information by informing the reader that the amendments "include[ed] revisions to the zoning maps, zoning districts, [and] zoning district regulations[.]" Nevertheless, we conclude that this notice did not comply with N.J.S.A. 40:49-2.1 because it did not contain sufficient information concerning the nature and scope of the changes to the municipality's zoning that would result from adoption of the proposed amended ordinance.
N.J.S.A. 40:49-2.1 does not require the published notice of proposed adoption of a zoning ordinance to contain a description of every change in the municipality's zoning that the ordinance will produce. The notice is only required to contain a "brief summary" of the ordinance's "main" objectives or provisions. Moreover, this requirement is stated in the disjunctive: a municipality may notify the public of either the "main objectives" or the "main provisions" of the ordinance.
However, this does not mean that the notice can simply state that the amendment will result in changes to the municipality's zoning, without indicating the nature or scope of those changes. The essential purpose of the required notice is to alert individual property owners to the possibility that the proposed amendment may affect the zoning of their properties or of nearby properties. Therefore, the notice must be sufficient to serve this purpose.
The notice provided in this case, which only stated that the amendment "includ[es] revisions to the zoning maps, zoning districts *345 [and] zoning district regulations," did not provide any information concerning the specific nature or scope of the proposed changes. This notice was so general that it could have been used even if the proposed zoning changes would have affected only one small area of the municipality and would have had a minor impact upon property owners in that area. In this litigation, the Township has referred to the zoning changes resulting from this amendment as "global." If the Township had used this term in the published notice, it would have alerted property owners throughout the municipality that the rezoning could potentially affect their properties. The notice also could have stated that the amendment would change the previous boundary lines of the municipality's zoning districts and the allowable uses and densities in various zones and would create new zones that did not exist under the prior ordinance, without undertaking to describe all the details of those changes. Such a notice would have constituted the "brief summary of the main objectives or provisions of the [zoning] ordinance" that N.J.S.A. 40:49-2.1 requires. Because the Township amended its zoning ordinance without publishing this required notice, the ordinance must be invalidated.
Accordingly, the judgment of the trial court dismissing plaintiffs' complaint is reversed and Ordinance 05-09 of the Township of Pilesgrove is declared invalid due to the failure to publish notice in conformity with N.J.S.A. 40:49-2.1.
NOTES
[1] Nearly twenty years after enactment of N.J.S.A. 40:49-2.1, the Legislature amended N.J.S.A. 40:49-2 to authorize municipalities to publish only a "summary" of other proposed ordinances. L. 1996, c. 113, § 7.