63 A.3d 1217

MAHWAH REALTY ASSOCIATES, INC., A NEW JERSEY CORPORATION, AND TSI MAHWAH, INC., PLAINTIFFS–RESPONDENTS, v. TOWNSHIP OF MAHWAH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY AND THE PLANNING BOARD OF THE TOWNSHIP OF MAHWAH, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued March 12, 2013—Decided April 15, 2013.

Before Judges FISHER, WAUGH and LEONE.

*Andrew T. Fede* argued the cause for appellants (*Archer & Greiner, PC,* attorneys; *Mr. Fede,* of counsel and on the brief).

*Ira E. Weiner* argued the cause for respondents (*Beattie Padovano, LLC,* attorneys; *Mr. Weiner* and *John J. Lamb,* of counsel; *Mr. Weiner* and *Daniel L. Steinhagen,* on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In this appeal, we examine whether an ordinance that authorizes "health and wellness centers" and "fitness and health clubs" in two industrial zones changes the "classification" of those zones, thereby requiring compliance with the MLUL [1] notice provisions contained in *N.J.S.A.* 40:55D–62.1, and, if so, whether that statute requires notice that includes identification not only of the zoning districts, but also identification of all the properties within the zoning districts by "street names, common names or other identifiable landmarks, and by reference to lot and block numbers[.]" We conclude that the ordinance proposed a change in classification, but reverse the judgment invalidating the ordinance because *N.J.S.A.* 40:55D–62.1 requires only identification of the zoning districts affected by the classification change. The additional requirement for identification of the specific impacted properties only applies when a change in boundaries is proposed.

Plaintiffs Mahwah Realty Associates, Inc., and TSI Mahwah, LLC, filed this action in lieu of prerogative writs, seeking the invalidation of Ordinance 1653, which defined the terms "health and wellness center" and "fitness and health club," and added those uses to those permitted in Mahwah's two existing industrial zoning districts, IP–120 and GI–80. Defendants Township of Mahwah and its planning board (hereafter collectively referred to as "Mahwah") appeal a summary judgment that invalidated the ordinance based on the trial judge's determination that Mahwah gave insufficient notice to property owners in or within 200 feet of the affected zoning districts.

Mahwah's attempts to include health clubs as a permitted use in these zoning districts commenced over twelve years ago; this is the third lawsuit spawned by those efforts. The first suit concerned the July 27, 2000 adoption of Ordinance 1368, which added health and fitness centers to the uses permitted in the IP–120 zone. Plaintiffs filed a complaint seeking to invalidate that ordi-

---

[1] Municipal Land Use Law, *N.J.S.A.* 40:55D–1 to –163.

nance, and, after a non-jury trial, Judge Jonathan N. Harris rendered a written decision in which he described the suit as "a banal clash between competing land owners interested in establishing and maintaining health clubs, dressed up in the garb of a land use dispute," and described plaintiffs' intent in litigating as "a thinly veiled effort to protect its local monopoly." [2] Notwithstanding, the judge invalidated Ordinance 1368 because the ordinance changed the classification of the zoning district and because notice had not been sent to property owners in or within 200 feet of the impacted zoning district. Judge Harris also held that plaintiffs "failed to demonstrate that the substantive zoning provisions in Ordinance 1368 are arbitrary, capricious, or unreasonable" and concluded "[t]here is nothing irrational or whimsical about the governing body's decision to add health and fitness center facilities to Mahwah's industrial zones." No appeal was filed.

In 2007, Mahwah adopted Ordinance 1589, which was substantially similar to Ordinance 1653, prompting plaintiffs to file another action in lieu of prerogative writs. After a non-jury trial, Judge Harris found Ordinance 1589 was not arbitrary, capricious or unreasonable except "insofar as [he] lack[ed] confidence that the Mahwah governing body and its Planning Board appropriately considered the ordinance's effect upon the B–40 zone." He also determined that Mahwah did not give notice to property owners in and within 200 feet of the B–40 zone. As a result, judgment was entered invalidating Ordinance 1589. Again, no appeal was filed.

On July 23, 2009, Mahwah's council voted to adopt Ordinance 1653. Mahwah's clerk caused written notice to be published in *The Record,* a local newspaper. That notice included the date, time, and place of the public hearing, and reprinted the entire text

---

[2] TSI Mahwah, LLC, operates a health club on property leased from Mahwah Realty Associates in the GI–80 zoning district; a health club and previously a tennis facility have operated at that location for nearly forty years as a pre-existing, non-conforming use. These plaintiffs contend that Mahwah has endeavored since 2000 to enact an ordinance permitting similar uses because of pressure from a landowner whose use variance had been overturned.

of Ordinance 1653. The clerk also sent written notice of the public hearing to all property owners entitled to notice, including property owners in or within 200 feet of the B–40, GI–80 and IP–120 zoning districts. Separate cover letters advised recipients whether they owned property in or within 200 feet of the zoning districts in question. These letters also stated the date, time, and place of the public hearing. In addition, the clerk included a copy of the notice of the public hearing that had been published in *The Record* that also referred to the ordinance by its title, the date it was introduced, and the date, time, and place of the hearing. And the notice included a copy of the ordinance, which expressed that its purpose "is to include health and wellness centers and health clubs as principal permitted uses in the GI–80 zone and IP–120 zone and not the B–40 zone."

On July 24, 2009, Ordinance 1653 was referred to the planning board. The planning board noted that although Ordinance 1653 is "not substantially consistent" with the master plan, the omissions of the uses in question from the master plan was not intentional because these uses are "relatively new and unique" and not "normally expected to be found" in a master plan. The planning board also found, as memorialized in its resolution, that the proposed uses would be "appropriate uses in the GI–80 Zone and the IP–120 Zone," consistent with other uses in those zoning districts, and "beneficial to the residents of Mahwah and the surrounding area."

On September 10, 2009, Mahwah's council held a public hearing and, at its conclusion, adopted Ordinance 1653.

Plaintiffs thereafter commenced this timely action. A judge not involved in the prior suits made two rulings, which we reviewed in an earlier appeal. The judge first compelled the depositions of the mayor, council members, and planning board members for the purpose of eliciting information that might reveal whether their participation in the ordinance's adoption was barred by a conflict of interest. And the judge granted summary judgment in favor of plaintiffs on procedural grounds not relevant to the issues now

before us. We reversed and remanded for proceedings on the remaining issues. *Mahwah Realty Assocs., Inc. v. Twp. of Mahwah,* 420 *N.J.Super.* 341, 21 *A.*3d 643 (App.Div.2011). The Supreme Court denied plaintiffs' petition for certification. 208 *N.J.* 599, 34 *A.*3d 780 (2011).

Following our remand, plaintiffs again moved for summary judgment, arguing that Mahwah failed to give the notice required by *N.J.S.A.* 40:55D–62.1. Mahwah cross-moved for partial summary judgment, seeking the dismissal of four counts of the amended complaint—specifically, those that challenged the sufficiency of the notice in *The Record,* the notice to property owners, and alleged conflicts of interest.

The judge held the ordinance purports to alter the classification of the effected zones, thereby triggering the notice requirements of *N.J.S.A.* 40:55D–62.1. In addition, the judge held that Mahwah was required—but failed—to give notice of this proposed classification change in the manner required by *N.J.S.A.* 40:55D–62.1. Consequently, summary judgment was entered in favor of plaintiffs; the order also denied Mahwah's cross-motion.

In this appeal, Mahwah argues that the ordinance does not change the classification of the affected zoning districts but, if it does, the notice to property owners conformed to *N.J.S.A.* 40:55D–62.1. We reject the first argument and agree with the second.

I

 We examined what the MLUL intended by a "classification" change in *Robert James Pacilli Homes, LLC v. Twp. of Woolwich,* 394 *N.J.Super.* 319, 329, 926 *A.*2d 412 (App.Div.2007), recognizing that "[u]nlike many terms found in the MLUL, 'classification' is not defined." After giving the word its " 'ordinary and well understood meaning,' " *ibid.* (quoting *Levin v. Twp. of Parsippany–Troy Hills,* 82 *N.J.* 174, 182, 411 *A.*2d 704 (1980)), and considering its context, we determined that "classification is typically synonymous with the broad general uses permitted in a designated area ... and extends to sub-categories within those

general categories," which are further "distinguished by the intensity of the permitted use," *id.* at 330, 926 *A.2d* 412, and "the density, bulk and height standards and conditions applicable to designated uses," *id.* at 331, 926 *A.2d* 412. Until the Legislature adopts some different meaning,[3] we will continue to apply, as we apply here, *Pacilli's* general understanding of the term as including an ordinance that "has the capacity to fundamentally alter the character of a zoning district." *Ibid.*

■ The additional uses in question fundamentally alter the industrial zoning districts affected by Ordinance 1653. The definitions given by the ordinance to both "health and wellness center"[4] and to "fitness and health club"[5] reveal that these proposed uses are clearly discordant from the uses permitted in the affected industrial zoning districts.

The IP–120 zoning district permits, among other things: research laboratories; assembly and packaging businesses; manufacturing, assembling and packaging of electronic and electric components, instruments, precision tools, and timepieces; public utility buildings; telephone exchanges; printing plants; publish-

---

[3] The Legislature made no change to the MLUL in the wake of *Pacilli*, so we assume, pursuant to what is occasionally referred to as the doctrine of legislative inactivity, that our interpretation, of which the Legislature is presumed to be aware, *see Smith v. Fireworks by Girone, Inc.*, 180 *N.J.* 199, 215, 850 *A.2d* 456 (2004), followed by a period of acquiescence, was in accord with the legislation's intent on that point, *see N.J. Div. of Youth & Family Servs. v. T.B.*, 207 *N.J.* 294, 307, 24 *A.3d* 290 (2011).

[4] The ordinance defines this term as "a hospital sponsored establishment that provides services, facilities and education to promote health, healthcare, wellness, fitness and health maintenance." Its "[s]pecific uses shall, at a minimum, include," among other things, exercise and fitness rooms, classrooms, conference rooms, physical exam rooms, and medical spas for rehabilitative therapy.

[5] The ordinance defines this term as "a membership establishment that provides some or all of the following uses and activities provided that same are completely located with an enclosed building," and then lists, among other things, aerobic and free weight areas, work out floors, swimming pools, basketball, tennis and racquetball courts, locker rooms, and saunas and steamrooms.

ing houses; some light manufacturing operations; businesses using structures where office space is combined with a warehouse; and planned industrial developments. The GI–80 zoning district permits, among other things: distribution terminals; extraction or excavation operations; glass and textile manufacture; truck terminals; lumber and building materials sales; contractor's equipment sales and service; tool, die and pattern making, and other machine shop operations; wholesale business storage and warehousing; woodworking, furniture repair and custom upholstery operations; metalworking; electrical sales; manufacture, assembly or packaging of products from previously prepared materials; public parks, playgrounds or athletic fields; and post offices.

We agree with Judge Harris's comment in one of the earlier related lawsuits that health clubs and wellness centers are not of an "industrial stripe." Certainly, the uses permitted by Ordinance 1653 are dissimilar from those now permitted in the industrial zoning districts because the ordinance would introduce commercial recreation, medical services, retail sales, and educational facilities into zoning districts designed for manufacturing, trucking and the like. We, thus, conclude that Ordinance 1653 represents a fundamental alteration of—and therefore a change in the classification of uses permitted in—the IP–120 and GI–80 zoning districts.[6]

## II

The more difficult question concerns the parties' dispute about the proper interpretation of *N.J.S.A.* 40:55D–62.1, which, in relevant part, states:

A notice pursuant to this section shall state the date, time and place of the hearing, the nature of the matter to be considered and an identification of the affected zoning districts and proposed boundary changes, if any, by street names, common names or other identifiable landmarks, and by reference to lot and block numbers as shown on the current tax duplicate in the municipal tax assessor's office.

[6] As a result, we need not consider plaintiffs' argument that Mahwah's classification argument is precluded because Mahwah failed to appeal Judge Harris's classification finding in an earlier suit.

The parties' dispute presents a problem commonly encountered when a statute—in a single sentence—first lists multiple items or imposes multiple obligations and then includes words that modify or limit some or all of those items or obligations. Inevitably, such a convoluted statutory sentence will invite disagreements about whether the limiting or modifying language was intended to apply to all the previously listed items or requirements or only the item or requirement closest in the sentence to the modifier. A simple example of this type of syntactic ambiguity would be a phrase in a statute that would impose an obligation on "charitable corporations or institutions performing educational functions," which would not clearly reveal whether the statute applies to all charitable corporations or only those performing educational functions.

*N.J.S.A.* 40:55D–62.1 provides that a municipality must give notice of an ordinance that "propos[es] a change to the classification or boundary changes" of a zoning district, and the notice in those instances must "state the date, time and place of the hearing, the nature of the matter to be considered and an identification of the affected zoning districts and proposed boundary changes[.]" That much is clear, but then the statute engages in syntactic ambiguity by including additional language in the same sentence immediately after "affected zoning districts and proposed boundary changes," namely: "if any, by street names, common names or other identifiable landmarks, and by reference to lot and block numbers as shown on the current tax duplicate in the municipal tax assessor's office." We understand Mahwah's argument as seeking our interpretation of the statute as if it had been phrased in the following way:

> the notice must state the date, time and place of the hearing, the nature of the matter to be considered and an identification of the affected zoning districts *and, if a boundary change is proposed, the notice must also identify such change* by street names, common names or other identifiable landmarks, and by reference to lot and block numbers . . .

On the other hand, plaintiffs seek an interpretation as if the statute's words and phrases had been arranged in the following way:

> the notice must state the date, time and place of the hearing, the nature of the matter to be considered and an identification *by street names, common names or other identifiable landmarks, and by reference to lot and block numbers . . . of the affected zoning districts and proposed boundary changes.*

These reworded examples demonstrate that whatever meaning may have been intended, the Legislature could have expressed itself in a clearer fashion. But this analysis only begs the question because we consider the statute not as it could have been written but as it actually was written.

Despite plaintiffs' forceful arguments to the contrary, we conclude that *N.J.S.A.* 40:55D–62.1 must be interpreted as Mahwah argues and that the additional identification requirements apply only to boundary changes, not classification changes. The lynchpin for that conclusion is the two-word phrase "if any," which appears in the statute immediately after "proposed boundary changes." That phrase—"if any"—can only logically relate to "proposed boundary charges."

We draw this conclusion because the statute may only be understood as applying to two events—classification changes and boundary changes. If what follows "if any" in the statute was meant to apply to both those circumstances, then there would be no reason for the Legislature to insert "if any." [7] That expression, by its very nature, was intended to distance those requirements that follow from one of the two applicable circumstances or it was intended to apply to only one of the two possible events, but not

---

[7] We cannot ignore those two words. *Franklin Tower One v. N.M.*, 157 *N.J.* 602, 613, 725 *A.2d* 1104 (1999) (recognizing, in quoting *In re Sussex Cnty. Mun. Utils. Auth.*, 198 *N.J.Super.* 214, 217, 486 *A.2d* 932 (App.Div.1985), that "legislative language must not, if reasonably avoidable, be found to be inoperative, superfluous or meaningless"). We are, of course, mindful that inadvertent language or surplusage may be disregarded if inconsistent with the intent of a statute otherwise revealed, *see State v. Szemple*, 135 *N.J.* 406, 431, 640 *A.2d* 817 (1994); *110–112 Van Wagenen Ave. Co. v. Julian*, 101 *N.J.Super.* 230, 235, 244 *A.2d* 123 (App.Div.), *certif. denied*, 52 *N.J.* 490, 246 *A.2d* 450 (1968), but it cannot be said that the phrase "if any" appears in *N.J.S.A.* 40:55D–62.1 by accident. It is a phrase that suggests an intent to limit or modify the class to which it refers.

both.[8] As a result, if "if any" applies to only one of the two—as it must—then it must apply only to "boundary changes," which immediately precedes it.[9] That result comports with the general rule of statutory construction that "a modifying phrase applies to the last antecedent phrase, absent contrary intent." *Morella v. Grand Union/N.J. Self–Insurers Guar. Ass'n,* 391 *N.J.Super.* 231, 240, 917 *A.*2d 826 (App.Div.2007), *aff'd o.b.,* 193 *N.J.* 350, 939 *A.*2d 226 (2008); *see also State, Dep't of Envtl. Prot. & Energy v. Santomauro,* 261 *N.J.Super.* 339, 345, 618 *A.*2d 917 (App.Div. 1993). Absent any other intrinsic or extrinsic evidence—and none has been offered—that might reveal the legislation's intent, we can logically interpret this statute in no way other than where its literal wording and natural connotation takes us.

Moving from the form to the substance, we observe also that adoption of plaintiffs' interpretation would take the statute to a dryly illogical extreme because, for no practical reason, plaintiffs would have us untangle the statute's syntactic ambiguity in a way that imposes a time-consuming and futile obligation on municipalities. The statute was designed to require municipalities to give adequate notice of the change to be effected by a proposed ordinance. If the classification of a zoning district is what is being changed, then it suffices to identify the zoning districts affected—here, IP–120 and GI–80. On the other hand, a change in the boundaries of a zoning district is not revealed by a mere reference to the affected zoning districts. A boundary change inevitably requires further description as delineated by the language following "if any" in *N.J.S.A.* 40:55D–62.1.

For example, in giving notice of a boundary change of a particular zoning district in Trenton, a notice would be adequate if

---

[8] Stated more simply, if a statute applies only to A or B, the Legislature would not need to say that additional obligations are imposed only "if any" of either A or B are applicable.

[9] Certainly, "if any" cannot be viewed as applying only to changes in classification. That would require a surgical transplant of "if any" to a different location in the statute. Plaintiffs have not suggested such an interpretation.

it disclosed that an ordinance had been proposed to move a zoning district's northern border, which presently is the centerline of State Street, between Broad Street (near the State House) on the west end and Clinton Avenue (near the federal court house) on the east end, to the centerline of Perry Street between Broad Street and Clinton Avenue. Such a description of the proposed boundary change, with reference to the lot and block numbers of the affected properties, would be generally understandable and meaningful to property owners entitled to notice. When placed in this practical setting, the legislative intent to require a further description of the impact on the zoning districts—through an adequate description of the boundary changes and the properties affected by those boundary changes—logically applies only when a change in the boundaries of the affected zoning districts is proposed.

Plaintiffs urge an interpretation of the statute that would impose similar descriptive obligations when a zoning district's classification is changed. Such a requirement, however, would serve no practical purpose. For example, when asked what more it would have Mahwah do, plaintiffs argued that Mahwah was required to provide, within the other materials sent to all property owners entitled to notice, a list of all the properties—by lot and block number—within both zoning districts. We question how meaningful such a list would be to most, if not all, noticed property owners to whom lot and block numbers would have no particular meaning without further research.

Although we are obligated to view planning and zoning determinations with an understanding that municipalities must act "in strict conformity" with the MLUL, *Nuckel v. Little Ferry Planning Bd.*, 208 *N.J.* 95, 101, 26 *A.*3d 418 (2011), we reject plaintiffs' argument because its interpretation of *N.J.S.A.* 40:55D–62.1 would generate absurd consequences and impose futile requirements. Instead, we adopt that interpretation that is most "consonant" with "reason and good direction," *Schierstead v. City of Brigantine*, 29 *N.J.* 220, 230, 148 *A.*2d 591 (1959) (quoting *Morris Canal & Banking Co. v. Central R.R. Co.*, 16 *N.J. Eq.* 419,

428 (Ch.1863)); *see also State v. Friedman*, 209 *N.J.* 102, 118–19, 35 *A.*3d 1163 (2012); *DeLisa v. County of Bergen*, 165 *N.J.* 140, 147–48, 755 *A.*2d 578 (2000); *Turner v. First Union Nat'l Bank*, 162 *N.J.* 75, 84, 740 *A.*2d 1081 (1999), and conclude that the notice given by Mahwah to property owners was consistent with the obligations contained in *N.J.S.A.* 40:55D–62.1.[10]

## III

■ The order under review—which granted plaintiffs' motion for summary judgment on the sufficiency of notice pursuant to *N.J.S.A.* 40:55D–62.1, and denied Mahwah's motion for partial summary judgment on the sufficiency of that same notice, as well as the notice published in *The Record*,[11] and on the conflict-of-interest claims—is reversed. The matter is remanded for entry of an order dismissing those counts of plaintiffs' complaint that alleged insufficiency of notice. Although the judge denied Mahwah's motion for summary judgment on the conflict-of-interest counts, she did not explain why; we assume the judge found it unnecessary to decide those issues in light of the award of summary judgment in plaintiffs' favor. Now that we have reversed the summary judgment entered in plaintiffs' favor, Mahwah is entitled to a ruling on the merits of its cross-motion for

---

[10] The trial judge observed that even though not raised by either side, the notice is "devoid of any information regarding the nature of the proposed changes." We reject this. If the notice met the requirements of the MLUL—which it does—Mahwah was not obligated to further explain the ordinance's meaning. Mahwah's mailing to all impacted property owners included, among other things, a complete copy of the ordinance. The MLUL does not require an ordinance of such brevity to be summarized even in newspaper notices. *See N.J.S.A.* 40:49–2.1(a); *Cotler v. Twp. of Pilesgrove*, 393 *N.J.Super.* 377, 385, 923 *A.*2d 338 (App.Div.2007). The notice given by Mahwah complied with the MLUL in all respects.

[11] Plaintiffs did not oppose that part of Mahwah's appeal that argued the notice published in the newspaper was sufficient. We agree the notice was sufficient. *See N.J.S.A.* 40:49–2.1.

summary judgment on the conflict-of-interest counts. The matter is remanded for disposition of those and the remaining claims.

Reversed and remanded. We do not retain jurisdiction.